**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREA FAHEY; and KEVIN SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUN BUM LLC,<br><br>Defendant. | Case No.:  3:25-cv-02263-H-SBC<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION TO FILE UNREDACTED SECOND AMENDED COMPLAINT UNDER SEAL WITH REDACTED SECOND AMENDED COMPLAINT NOT UNDER SEAL AT DOC. NO. 14; AND**<br>**(2) DIRECTING THE CLERK TO FILE THE SECOND AMENDED COMPLAINT UNDER SEAL**<br><br>[Doc. No. 15.] |

On March 6, 2026, Plaintiffs filed an extensive second amended complaint with paragraphs 33 and 35–37 redacted.  (Doc. No. 14.)  On March 6, 2026, Plaintiffs lodged a motion to file the unredacted second amended complaint under seal pursuant to an agreement with Defendant.  (Doc. No. 15.)  Both parties acknowledge Defendant's assertion that the redacted paragraphs contain confidential and proprietary business information arising from confidential lab test results on Defendant's product.  (Doc. No.

1

15; Doc. No. 17.)   The parties agree that some of the facts alleged in the redacted paragraphs were derived from those results.  (Doc. No. 15; Doc. No. 17.)

Courts have historically recognized a fundamental presumption that judicial proceedings are open to the public.  See Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 604 (1982); see also Courthouse News Service v. Planet, 947 F.3d 581, 589 (9th Cir. 2020).  This presumptive openness entails a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 n.7 (1978)).  As such, both the Supreme Court and the Ninth Circuit have held that courts begin with a "strong presumption in favor of access to court records." Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).  But the right to access judicial records is not absolute.  "A party seeking to seal a judicial record [] bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." Kamakana, 447 F.3d at 1178.  Under this standard, the Court may seal records if it finds a "compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Id. at 1179.  The Court must then "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. (quoting Foltz, 331 F.3d at 1135).  What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." Warner Commnc'ns, 435 U.S. at 599.

The parties have demonstrated a compelling reason to redact paragraphs 33 and 35–37 of the second amended complaint, as well as file the unredacted second amended complaint under seal.  Both parties agree that the facts alleged in the proposed redaction are at least somewhat derived from confidential lab test results on Defendant's product. (Doc. No. 15; Doc. No. 17.)  Defendant also alleges in its response to Plaintiffs' motion to seal that the SPF testing results referenced in the redacted portions "would harm [Defendant's] competitive position in the marketplace" if disclosed publicly.  (Doc. No.

3:25-cv-02263-H-SBC

17.)  Courts have acknowledged that "business information that might harm a litigant's competitive standing" are a compelling reason to seal a record.  Chrysler Group, 809 F.3d at 1097 (quoting Warner Commnc'ns, 435 U.S. at 598–99).  The parties' proposed redaction is also four paragraphs out of an extensive 165 paragraph complaint.  (Doc. No. 14, Second Amended Compl.)  The parties' proposed redactions are thus appropriately tailored, striking an adequate balance between the "competing interests of the public and the party who seeks to keep certain judicial records secret."  Kamakana, 447 F.3d at 1179 (quoting Foltz, 331 F.3d at 1135).

As such, the Court grants Plaintiffs' request without prejudice to the Court modifying this order at a later time.  The Court reserves the right to unseal all or some of the pleadings as appropriate under the law.  The Court directs the Clerk to seal and file Plaintiffs' unredacted second amended complaint.

**IT IS SO ORDERED.**

DATED: March 16, 2026

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

3:25-cv-02263-H-SBC